**Carla LEVESQUE, Plaintiff,**

v.

**KELLY COMMUNICATION, INC., the Kelly Group, Ltd. and Joseph J. Kelly, Defendants.**

**No. 91 Civ. 7045 (CSH).**

United States District Court, S.D. New York.

Jan. 28, 1994.

Plaintiff appeared pro se.

Defendants appeared pro se.

## MEMORANDUM AND ORDER

HAIGHT, District Judge:

Plaintiff moves for an order dismissing from the action the two corporate defendants, Kelly Communications, Inc. and The Kelly Group, Ltd. She asks for this relief so that she may proceed against the individual defendant, Joseph J. Kelly. She says in her motion that the corporate defendants have filed a petition under Chapter 7 of the Bankruptcy Code, thereby obtaining an automatic stay of proceedings against them.

The individual defendant Kelly, appearing *pro se* as does plaintiff, has filed a "plea in bankruptcy" alleging that The Kelly Group, Ltd. filed a Chapter 7 petition in the Bankruptcy Court for the Western District of Virginia, Lynchburg Division. No mention is made of the other corporate defendant. Kelly asks that the captioned action be dismissed or stayed pending determination of plaintiff's claim against Kelly Group in bankruptcy.

Neither form of requested relief is appropriate. To the extent that one or both corporate defendants have filed bankruptcy petitions, the action in this Court is automatically stayed. But that stay does not preclude plaintiff from proceeding on her action here against the individual defendant. Accordingly plaintiff does not need an order of dismissal of this action against parties in bankruptcy in order to proceed against a party not in bankruptcy and hence not covered by the Bankruptcy Court's automatic stay.

Conversely, Kelly as individual defendant is not entitled to a dismissal of this action by reason of the bankruptcy petition filed by the corporate defendant or defendants.

Plaintiff may, if so advised, defer further action in this Court until her claim against the corporate defendants has been adjudicated by the Bankruptcy Court. But that is up to her. There is no basis in law for this Court to compel such conduct.

Plaintiff has by leave of Court filed and served an amended complaint. The only response Kelly has made is the "plea in bankruptcy" described above, which for the foregoing reasons is not a sufficient answer to the complaint against him as an individual. Kelly is therefore directed to file and serve an answer to the amended complaint within thirty (30) days of the date of this order.

It is SO ORDERED.